IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH WILBORN, #R17937** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:19-cv-00082-DWD |
| | ) |
| **MOHAMMED SIDDIQUI,** | ) |
| **FRANK LAWRENCE,** | ) |
| **C/O MCCALEB, and** | ) |
| **C/O KIEFER,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Joseph Wilborn, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard"). This case is now before the Court for preliminary review of the Complaint (Doc. 12) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 12): Plaintiff arrived at Menard on April 14, 2018. At that time, he had a pre-existing right shoulder injury that had resulted in a Hill-Sachs defect and a Bankart lesion. Due to his shoulder issues, he had a waist chain cuffing permit.

Menard Warden Lawrence has a behind the back cuffing policy for the Menard N2 cellhouse, which is where Plaintiff was housed. Additionally, Warden Lawrence and Dr. Siddiqui have a behind the back cuffing policy to receive medication from nurses. Warden Lawrence and

Dr. Siddiqui are aware of Plaintiff's shoulder injury/condition. Warden Lawrence and Dr. Siddiqui's cuffing policies caused Plaintiff pain on a daily basis from April 14, 2018 to February 14, 2019. He complained of severe pain and limited range of motion to the Defendants in 2018 and 2019. His right shoulder did not improve while subject to the behind the back cuffing policy at Menard.

Correctional Officers McCaleb and Kiefer assaulted Plaintiff on May 5, 2018. Plaintiff suffered a head injury, a busted mouth, and his pre-existing right shoulder injury was exacerbated. He requested medical treatment, which McCaleb and Kiefer denied. The incident was not reported and he did not received medical attention for four days. Warden Lawrence and Dr. Siddiqui allow medical and security staff to falsify reports and medical records and cover up official misconduct. They also have a pattern and practice of allowing and not reporting assaults on inmates.

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Warden Lawrence and Dr. Siddiqui for requiring Plaintiff to be handcuffed behind his back exacerbating his right shoulder injury/condition and causing him pain.

Count 2: Eighth Amendment excessive force claim against McCaleb and Kiefer for assaulting Plaintiff on May 5, 2018.

Count 3: Eighth Amendment deliberate indifference to serious medical needs claim against McCaleb and Kiefer for denying Plaintiff medical care after the assault on May 5, 2018.

Count 4: Eighth Amendment claim against Warden Lawrence and Dr. Siddiqui for Menard officials' practice of assaulting prisoners and not reporting the incident and/or falsifying reports and medical records to cover up official misconduct that resulted in the May 5, 2018 assault and denial of medical care for four days.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical (or dental) needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the Complaint are sufficient at this stage to proceed on a deliberate indifference claim against Warden Lawrence and Dr. Siddiqui for requiring Plaintiff to be handcuffed behind his back with knowledge of his shoulder injury/condition. Plaintiff does not state a claim based on the mere existence of the behind the back cuffing policy.

### Count 2

The allegations in the Complaint are sufficient to proceed on the excessive force claim in Count 2 against McCaleb and Kiefer for the alleged assault on May 5, 2018. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) ("Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm.").

---

[1]Plaintiff fails to state a claim on his allegation that Warden Lawrence and Dr. Siddiqui had a sick call and doctor appointment cancellation policy that was enforced for lock downs and other non-medical reasons in 2018 and 2019. There are no other related allegations in the Complaint, nor is there any suggestion as to how and when this policy affected Plaintiff.

### Count 3

The allegations in the Complaint are sufficient to proceed on the deliberate indifference claim in Count 3 against McCaleb and Kiefer for the denial of medical treatment for injuries from the alleged assault on May 5, 2018. *See Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996) (failure to obtain medical assistance for an inmate who has been assaulted may constitute deliberate indifference to a serious medical need).

### Count 4

Plaintiff appears to be asserting an unconstitutional policies and customs claim premised on *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). A *Monell* claim is established by showing "'(1) an action pursuant to a municipal policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal action was the 'moving force' behind the constitutional injury.'" *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020) (quoting *Hall v. City of Chi.*, 953 F.3d 945, 950 (7th Cir. 2020)). A *Monell* claim is properly brought against a municipality, *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001), and the Seventh Circuit has extended *Monell* to private entities, *Shields v. Ill. Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (citing cases). The claim is not proper against Warden Lawrence or Dr. Siddiqui.

Further, to the extent Plaintiff seeks to hold Warden Lawrence and Dr. Siddiqui liable based on their positions as administrators or supervisors, there is no *respondent superior* or "supervisor liability" under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).

For the foregoing reasons, and because Plaintiff has not alleged that Warden Lawrence or Dr. Siddiqui was personally involved in the May 5, 2018 assault or the subsequent denial of

medical treatment, Count 4 will be dismissed.

## Official Capacity Claims

Defendants have been named in both their individual and official capacities. Because Plaintiff seeks monetary damages, the claims will proceed against Defendants in their individual capacities and the official capacity claims will be dismissed. *See Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005) (claim for monetary damages must be brought against defendant in his individual capacity only); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

## Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows: Count 1 will proceed against Mohammed Siddiqui and Frank Lawrence. Counts 2 and 3 will proceed against C/O McCaleb and C/O Kiefer. The claim in Count 4 and the official capacity claims against Defendants are **DISMISSED** without prejudice.

The Clerk shall prepare for Mohammed Siddiqui, Frank Lawrence, C/O McCaleb, and C/O Kiefer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:** November 9, 2021

DAVID W. DUGAN
United States District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**